**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2591
_____

UNITED STATES OF AMERICA

v.

MARTIN RACIOPPI,
Appellant
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-18-cr-00131-001)
District Judge:  Honorable Michael A. Shipp
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 28, 2020
_____

Before:  CHAGARES, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Filed: April 1, 2020)
_____

OPINION[*]
_____

_____

[*]  This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

CHAGARES, <u>Circuit Judge</u>.

In 2019, Martin Racioppi pleaded guilty to bank robbery. The District Court concluded that his prior convictions for robbery constituted crimes of violence under the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") and sentenced Racioppi as a career offender. Racioppi appeals his sentence, claiming that he was wrongly classified as a career offender under the Guidelines because the New Jersey robbery statute, N.J. Stat. Ann. § 2C:15-1, is not divisible and, therefore, cannot support application of the career offender enhancement. For the following reasons, we will affirm.

I.

We write for the parties and so recite only the facts necessary to our disposition. On July 20, 2017, Racioppi entered Investors Bank in Navesink, New Jersey, approached a bank teller, and demanded all the money in the bank teller's drawer. The bank teller handed Racioppi approximately $1,600, and Racioppi left with the money. Racioppi was arrested the next day for this crime, and he later pleaded guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a).

On May 31, 2018, the U.S. Probation Office prepared a draft Presentence Investigation Report that calculated Racioppi's adjusted offense level as 22 and found his criminal history category to be III. However, because Racioppi had one prior conviction for bank robbery under 18 U.S.C. § 2113(a) and one prior conviction for second-degree robbery in violation of N.J. Stat. Ann. § 2C:15-1(a)(2), the Probation Office determined that Racioppi was a career offender pursuant to U.S.S.G. § 4B1.1, the career offender

2

Guideline. This raised his base offense level to 32 and placed him in criminal history category VI.

Racioppi objected to the career offender determination, arguing that his conviction for second-degree robbery under New Jersey law is not a crime of violence under the Guidelines. Racioppi contended that under the categorical approach, second-degree robbery is broader than "generic" robbery and does not require the use of physical force.

The District Court stayed Racioppi's sentencing pending this Court's decision in United States v. McCants, in which the Court was considering whether a conviction under § 2C:15-1 is a crime of violence as defined by the career offender Guideline. 911 F.3d 127 (3d Cir. 2018), superseded on reh'g, 920 F.3d 169 (3d Cir. 2019), vacated, 140 S. Ct. 375 (Mem.) (2019). On April 5, 2019, the Court resolved McCants, holding, as relevant here, that (1) § 2C:15-1 is divisible according to its three subsections; and (2) robbery in violation of § 2C:15-1(a)(2) categorically qualifies as a crime of violence under the Guidelines. See 920 F.3d at 177–81.

On June 25, 2019, Racioppi appeared before the District Court for sentencing. He again objected to the Probation Office's Guidelines calculation, arguing that he is not a career offender. Racioppi claimed that McCants was wrongly decided because § 2C:15-1 is not divisible and second-degree robbery under the statute is broader than generic robbery because it can be committed without force or violence. The District Court explained that it was bound to follow this Court's precedent in McCants, which held that a violation of § 2C:15-1(a)(2) is considered a crime of violence under the Guidelines.

3

Applying McCants, the District Court determined that Racioppi was a career offender. The District Court found Racioppi's resulting Guidelines range to be 151 to 188 months of imprisonment. The District Court varied downward, however, citing Racioppi's significant mental health issues and long history of substance abuse, and sentenced Racioppi to 120 months of imprisonment and three years of supervised release.

Racioppi timely appealed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "Whether a prior conviction constitutes a crime of violence for purposes of the career offender Guideline is a question of law over which we exercise plenary review." United States v. Brown, 765 F.3d 185, 188 (3d Cir. 2014) (quotation marks omitted).

## III.

Racioppi's sole argument on appeal is that he was wrongly classified as a career offender under the Guidelines because N.J. Stat. Ann. § 2C:15-1 is not divisible and, therefore, is broader than generic robbery under the categorical approach.[1] As a result, Racioppi claims, his prior New Jersey robbery conviction cannot qualify as a crime of violence under the Guidelines and he is not subject to the career offender enhancement.

As Racioppi concedes, however, our precedential opinion in McCants squarely forecloses this argument. See United States v. Ausburn, 502 F.3d 313, 315 n.1 (3d Cir.

---

[1] Racioppi does not dispute that his prior conviction for federal robbery under 18 U.S.C. § 2113(a) qualified as a crime of violence under the Guidelines.

2007); 3d Cir. I.O.P. 9.1 (2018). Under this Court's precedential decision in <u>McCants</u>, N.J. Stat. Ann. § 2C:15-1 is divisible, and a conviction under § 2C:15-1(a)(2) qualifies as a crime of violence under the Guidelines. <u>See</u> <u>United States v. McCants</u>, -- F.3d --, No. 17-3103, 2020 WL 1181515, at *6–7 (3d Cir. Mar. 12, 2020).[2]

Still, Racioppi argues that the New Jersey robbery statute is not divisible because the subsections in § 2C:15-1 "do not require juror unanimity and thus are means, not elements." Racioppi Br. 12. We previously rejected this argument in <u>McCants</u>, holding that § 2C:15-1 is divisible because in its subsections (a)(1)–(3), the statute "sets out alternative elements for sustaining a conviction rather than the means of committing the offense." 2020 WL 1181515, at *6. As we explained, the statute "lists in the disjunctive three separately enumerated, alternative elements of robbery" and "does not identify an individual element of which subsections (a)(1)–(3) are mere examples." <u>Id.</u>

Racioppi also takes issue with our reasoning in <u>McCants</u> that "[s]ubsections (a)(1)–(3) are elements because each requires different proof beyond a reasonable doubt to sustain a second-degree robbery conviction." <u>Id.</u> Racioppi contends that this "different proof" requirement flows from the double jeopardy test announced in <u>Blockburger v. United States</u>, 284 U.S. 299, 304 (1932), and thus "has no bearing on the divisibility analysis set out" in the Supreme Court's decision in <u>Mathis v. United States</u>, 136 S. Ct. 2243 (2016). Racioppi Br. 11. Not so.

---

[2] The Supreme Court vacated the <u>McCants</u> decision in a memorandum opinion in light of its holding in <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019). <u>See</u> <u>McCants v. United States</u>, 140 S. Ct. 375 (Mem.) (2019). However, on March 12, 2020, the Court reissued the <u>McCants</u> decision after the defendant in that case waived his <u>Rehaif</u> claim.

5

In <u>Mathis</u>, the Supreme Court explained that "[a]t a trial," elements "are what the jury must find beyond a reasonable doubt to convict the defendant, and at a plea hearing, they are what the defendant necessarily admits when he pleads guilty." 136 S. Ct. at 2248 (citation omitted). We applied this reasoning in <u>McCants</u>, concluding that subsections (a)(1)–(3) are elements because "each requires different proof beyond a reasonable doubt" of a fact essential to the offense — that is, an element. 2020 WL 1181515, at *6. Under (a)(1), "the prosecutor must prove that the defendant inflicts injury or uses force upon another person"; under (a)(2), "the defendant need only threaten or place another person in fear of immediate bodily injury"; and under (a)(3), the defendant need only "threaten to commit another first- or second-degree crime." <u>Id.</u> Applying <u>Mathis</u>, therefore, § 2C:15-1 "list[s] <u>elements</u> in the alternative, and thereby define[s] <u>multiple crimes</u>." 136 S. Ct. at 2249 (emphasis added).[3]

Accordingly, as we held in <u>McCants</u>, § 2C:15-1 is divisible because it lays out alternative elements upon which prosecutors can sustain a second-degree robbery conviction. And "a panel of this Court cannot overrule an earlier binding panel decision; only the entire court sitting en banc can do so." <u>Chester ex rel. NLRB v. Grane Healthcare Co.</u>, 666 F.3d 87, 94 (3d Cir. 2011).

---

[3] The <u>Blockburger</u> test similarly turns entirely on elements, not means, as it "inquires whether each offense contains an element not contained in the other." <u>United States v. Dixon</u>, 509 U.S. 688, 696 (1993). It thus asks the same question that we are faced with here: "whether each [statutory] provision requires proof of a fact which the other does not." <u>Blockburger</u>, 284 U.S. at 304.

Racioppi does not dispute that if § 2C:15-1(a) is divisible, his prior conviction falls properly under § 2C:15-1(a)(2) and a conviction under this subsection categorically qualifies as a crime of violence.  The District Court, therefore, did not err in designating Racioppi as a career offender based on its determination that his prior conviction for second-degree robbery in New Jersey qualified as a crime of violence under the Guidelines.

## IV.

For these reasons, we will affirm the District Court's judgment of sentence.